# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1:21-CR-00193** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EMERY JOE GASPARD** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

### ORDER

Before the Court is a MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION [Doc. 21] filed by Defendant, Emery Joe Gaspard, in the above-captioned matter.

The Speedy Trial Act mandates that a court dismiss criminal charges when a defendant is not formally charged by indictment or information within 30 days of his arrest. 18 U.S.C. §§ 3162(a)(1) and 3161(b). The United States concedes that the federal grand jury returned an Indictment 35 days after Defendant's arrest and that the Government therefore failed to comply with the time limitations set forth in Section 3161(b). Thus, the Indictment must be dismissed.

The Court then must determine whether such dismissal should be entered with or without prejudice to re-prosecution. Here, given: (i) the seriousness of the charge brought against Defendant, (ii) the minimal delay in the United States' filing of the Indictment following the Speedy Trial Act's 30-day window, (iii) the absence of evidence that the United States gained a strategic advantage from the delay; (iv) the fact that the United States presented this matter for indictment at the next meeting of the Lafayette grand jury following the Defendant's arrest, and (iv) the apparent lack of prejudice to the administration of the Speedy Trial Act and the administration

of justice that would result from Defendant's re-prosecution, the Court finds that it is appropriate to dismiss the Indictment without prejudice.  *See id; United States v. Blank,* 701 F.3d 1084, 1089 (5th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that the above-captioned matter is DISMISSED WITHOUT PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 9th day of August 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE